UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA ADAMO,

                Petitioner,

                                                    DECISION AND ORDER
      v.                                                    05-CV-603A
                                                             04-CR-204A

UNITED STATES OF AMERICA,

                Respondent.

---

## **INTRODUCTION**

        On August 30, 2004, petitioner Lisa Adamo waived indictment and pled guilty, pursuant to a written plea agreement, to a one-count information charging her with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On December 7, 2004, petitioner was sentenced principally to 18 months' imprisonment. Petitioner did not appeal.

        On August 23, 2005, petitioner filed the instant motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. The government filed a response opposing petitioner's motion, and petitioner filed a reply thereto.

        For the reasons stated, the Court denies petitioner's § 2255 motion.

## DISCUSSION

Petitioner asserts two grounds for relief in her § 2255 motion: (1) that her conviction was obtained in violation of her Fifth Amendment right against self-incrimination; and (2) that she is entitled to relief under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The Court finds, however, that petitioner is not entitled to relief under § 2255, because in her plea agreement, she knowingly and voluntarily waived her right to collaterally attack her sentence.

In ¶ 12 of petitioner's plea agreement, the parties agreed that petitioner's sentencing range under the United States Sentencing Guidelines would be 18 to 24 months. In ¶ 19 of the plea agreement, petitioner waived any right to appeal or collaterally attack any sentence imposed by the Court that fell within that 18 to 24 month range. At the time of the petitioner's guilty plea, the appeal waiver provision was fully explained to petitioner and she indicated that she understood it. Petitioner's knowing and voluntary waiver of the right to appeal or collaterally attack her sentence precludes any subsequent challenge to her sentence. See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

Further, the Second Circuit has held that a valid appeal waiver provision in a plea agreement precludes any subsequent challenge on the basis of Booker. United States v. Haynes, 412 F.3d 37, 38-39 (2d Cir. 2005).

Lastly, with regard to petitioner's argument regarding a violation of her Fifth Amendment rights, by pleading guilty, she waived all nonjurisdictional defects in the prior proceedings, including any possible Fifth Amendment claim. See Lebowitz v.

United States, 877 F.2d 207, 209 (2d Cir. 1989).

## **CONCLUSION**

For the reasons stated, the Court denies petitioner's § 2255 motion. The Clerk of Court shall take all steps necessary to close the case.

The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore denies a certificate of appealability. 28 U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith, and therefore denies leave to appeal *in forma pauperis*. Further requests to proceed on appeal *in forma pauperis* must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 11, 2006